```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

PAMELA OTTO and DOUG OTTO,

        Plaintiffs,

v.                                    Case No. 8:16-cv-1766-T-33MAP

TARGET CORPORATION, and
NESTLE HOLDINGS, INC.,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Sixth Judicial Circuit, in and for Pasco County, Florida.

**Discussion**

This action was removed to this Court from the Sixth Judicial Circuit, in and for Pasco County, Florida on June 24, 2016, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316,

1

1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1) (stating "[t]his is an action for damages which exceeds Fifteen Thousand ($15,000.00) Dollars, exclusive of costs and interest"). In its Notice of Removal (Doc. # 1), Defendant Target Corporation noted the "Medical Bill Summary" Plaintiffs had provided, showing that Plaintiff Pamela Otto had incurred past medical expenses of $59,181.79 as of January 2015. (Id. at 3). Target argued that these past medical expenses, combined with the future medical expenses from physical therapy, claims for pain and suffering, and loss of consortium, demonstrated by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000.00. (Id.).

Thereafter, on July 13, 2016, the Court entered an Order directing Target to provide additional evidence establishing, if possible, that the amount-in-controversy requirement has been satisfied by September 12, 2016. (Doc. # 25). However, Target did not provide any additional information by the deadline. On September 15, 2016, this Court entered an Order to Show Cause (Doc. # 29), directing Target to show cause why the action should not be remanded to state court.

Subsequently, Target filed a Response to the Order, describing additional information regarding the amount-in-controversy that it had uncovered during discovery. (Doc. # 30). Since the time of removal, Mrs. Otto's past medical expenses have increased to $60,417.79. (Id. at 1). Furthermore, according to her Answers to Interrogatories, her lost wages are between $3,360 and $4,800. (Id.). Therefore, Target can demonstrate past damages between $63,777.79 and $65,217.79. (Id. at 2). As for future damages, Mrs. Otto stated that she continues to undergo physical therapy, athletic training, and craniosacral therapy. (Id.). Additionally, her doctor stated that in the "long-term [she] may require future surgery in the form of arthroplasty." (Id.).

Taken together, Target argues that the past medical damages and lost wages to date, as well as the likelihood of future medical expenses, demonstrate that the amount in controversy exceeds $75,000.00. (Id. at 3). The Court disagrees. Whether Mrs. Otto will require the additional surgery is uncertain, and no estimate for the cost of that surgery is provided. Furthermore, it is uncertain how long Mrs. Otto will continue physical therapy, making it difficult to speculate her future medical expenses.

In sum, the record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The Complaint alleges a nonspecific amount, the past medical expenses and lost wages fall below the threshold, and the extent of future

3

medical expenses is highly speculative. As such, the Court determines Target has not sufficiently demonstrated that the jurisdictional amount-in-controversy threshold has not been satisfied. Accordingly, this case is remanded to the Sixth Judicial Circuit, in and for Pasco County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit, in and for Pasco County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of September, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE